UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DEBORAH GALARNEAU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-62-P-S |
| | ) | |
| MERRILL LYNCH PIERCE FENNER & SMITH, | ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

SINGAL, Chief District Judge

Before the Court is Defendant's Motion for Summary Judgment (Docket # 27).[1] As briefly explained below, the Court DENIES the Motion, finding that there exists a genuine issue of material fact.

**I. STANDARD OF REVIEW**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A "material fact" is one that has "the potential to affect the outcome of the suit under the applicable law." Nereida-Gonzalez v. Tirado-Delgado, 990 F.2d 701, 703 (1st Cir. 1993). The Court views

---

[1] Also before the Court are Plaintiff's Motion to Strike Declaration of Kathleen Durning, Esq. (Docket # 35), Plaintiff's Motion to Strike Paragraphs Five and Six of the Declaration of Scott Gilbert, Esq. (Docket # 36), and Defendant's Motion for Leave to File A Surreply to Plaintiff's Motion to Strike Declaration of Kathleen Durning (Docket # 48). The Court hereby DENIES these motions, but notes that even if the motions were granted, it would not affect the Court's conclusion that there exists a genuine issue of material fact.

1

the record in the light most favorable to the nonmoving party, drawing all reasonable inferences in that party's favor.  See McCarthy v. Northwest Airlines, Inc., 56 F.3d 313, 315 (1st Cir. 1995).

The party moving for summary judgment must demonstrate an absence of evidence to support the nonmoving party's case.  Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  In determining whether this burden is met, the Court must view the record in the light most favorable to the nonmoving party and give that party the benefit of all reasonable inferences in its favor.  Santoni v. Potter, 369 F.3d 594, 598 (1st Cir. 2004).  Once the moving party has made a preliminary showing that no genuine issue of material fact exists, the nonmoving party must "produce specific facts, in suitable evidentiary form, to establish the presence of a trialworthy issue."  Triangle Trading Co. v. Robroy Indus., Inc., 200 F.3d 1, 2 (1st Cir. 1999) (citation and internal punctuation omitted); Fed. R. Civ. P. 56(e).  "As to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party."  In re Spigel, 260 F.3d 27, 31 (1st Cir. 2001) (citation and internal punctuation omitted).

## II.   BACKGROUND[2]

Plaintiff Deborah Galarneau was hired as a Financial Advisor trainee by the Portland, Maine branch office of Defendant Merrill, Lynch, Pierce, Fenner & Smith ("ML") on February 13, 1989.  She became a Financial Advisor ("FA") on or about February 4, 1991, and remained in that position until January 6, 2004, when Defendant terminated her employment.

---

[2] In addition to the statement of material fact ("SMF") filings made pursuant to Local Rule 56, Defendant filed a motion titled "Motion for Leave to Reply to Additional Facts Raised in Plaintiff's Response to Defendant's Statement of Material Facts" (Docket # 39).  The Court hereby DENIES this Motion.  The Court has considered the facts raised by Plaintiff's Response SMF in accordance with Local Rule 56(f).  In light of the fact that the Court must view the entire record in the light most favorable to Plaintiff, Defendant's filing of an additional reply SMF could only create an unnecessary record of additional genuine issues of material fact and, therefore, could not support Defendant's underlying motion for summary judgment.

Plaintiff's husband, Preston Galarneau ("Preston"), was also employed as an FA at the Portland office. In 1996, Plaintiff and Preston began pooling and co-managing some of their accounts. In 1997 or 1998, as Preston's health conditions worsened, he and Plaintiff pooled all of their accounts and became a team known as "The Galarneau Group." Plaintiff and Preston have testified that they both shared full responsibility for their accounts, and jointly managed them. Although Plaintiff generally entered bond trades while Preston handled the stock transactions, they jointly managed their clients' accounts and set trading strategy, and both assumed full responsibility for the individual trades of all clients.

On June 7, 2003, Amy Ford, a client of the Galarneau Group, filed a complaint against both Plaintiff and Preston with the State of Maine Securities Commission ("SMSC"), alleging that the Galarneau Group had engaged in churning, or excessive trading, of her account. Although Defendant initially defended Plaintiff and Preston, it initiated an internal review of Plaintiff only. Plaintiff was discharged on January 6, 2004, for engaging in inappropriate bond trading on the Ford account and for utilizing time and price discretion in three client accounts. No action was taken against Preston.

### III. DISCUSSION

Count I of Plaintiff's Complaint alleges that Defendant engaged in gender discrimination in violation of Title VII of the Civil Rights Act of 1964. Under Title VII it is unlawful "for an employer ... to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

Defendant assumed for purposes of summary judgment that Plaintiff has satisfied the test for establishing a prima facie case of discrimination under the McDonnell-Douglas paradigm:

Plaintiff was a member of a protected class, she satisfied Defendant's legitimate job performance expectations, Defendant terminated her, and Defendant did not accord similar treatment to persons outside the protected class. See Webber v. International Paper Co., 417 F.3d 229, 234 (1st Cir. 2005). The Defendant has thus volunteered to shoulder the burden, which shifts to it upon Plaintiff's demonstration of a prima facie case, of articulating a legitimate, non-discriminatory reason for the Plaintiff's termination. Id. Defendant can satisfy this burden by presenting evidence that, taken as true, could "permit a rational factfinder to conclude that there was a 'nondiscriminatory reason'" for the termination. Byrd v. Ronayne, 61 F.3d 1026, 1031 (1st Cir. 1995). On the record before the Court, Defendant easily demonstrates nondiscriminatory reasons for the termination of Plaintiff, including inappropriate trading on the Ford account.

The burden then shifts back to the Plaintiff to demonstrate that a trialworthy issue exists as to whether Defendant's stated reason for the termination was a pretext for discrimination, and that her termination was motivated by Defendant's discriminatory animus. See Webber, 417 F.3d at 234. A plaintiff can demonstrate pretext by providing evidence that the employer's stated reason was not based in fact, was not sufficiently weighty, or was not the true impetus for the termination. Id. at 237. Plaintiff can also show pretext by demonstrating that she was similarly situated to male co-workers but was treated differently from them. Rosado v. Radio Shack, Inc., 312 F.3d 532, 534 (1st Cir. 2002).

After demonstrating a trialworthy issue as to pretext, Plaintiff must also show that gender was the reason for her discharge. A plaintiff "may rely on the same evidence to prove both pretext and discrimination." Smith v. Status Computer, Inc., 40 F.3d 11, 16 (1st Cir. 1994). Examples of such evidence may include evidence of "differential treatment, evidence of

discriminatory comments, statistical evidence, and comparative evidence." Webber, 417 F.3d at 234 (citing Rathbun v. Autozone, Inc., 361 F.3d 62, 72 (1st Cir. 2004)). However, evidence that shows Defendant's stated reason for discharging Plaintiff is "unworthy of credence" may also be probative of discriminatory intent. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 147 (2000). In cases where the factfinder finds the employer's stated justification thoroughly false, then the factfinder may consider the falsehood to be evidence of guilt, and "discrimination may well be the most likely alternative explanation." Id. In short, a Plaintiff need not "always introduce additional, independent evidence of discrimination" to prevail on a discrimination claim. Id. at 149.

The Court finds that Plaintiff has met her burden of demonstrating a trialworthy claim. A reasonable factfinder could conclude that Plaintiff was similarly situated to Preston, and that the given reason for her discharge was pretext. The record, taken in the light most favorable to Plaintiff, would support a finding that both Plaintiff and Preston co-managed the Ford account and together set the bond-trading strategy that led to Ford's complaint to the State of Maine. The record could support a finding that Plaintiff's supervisors approved of the bond trading strategy. There is also ample evidence that although Plaintiff had a handful of client complaints, most, if not all, were ultimately found meritless. Nonetheless, following the filing of the Ford complaint, Plaintiff was investigated and fired and Preston was not. Finally, a reasonable factfinder could conclude that Plaintiff did not engage in time or price discretion, that it was not the reason for her discharge, and that similar activity did not lead to the discharge of other male employees.

There also exists a trialworthy issue on the question of whether Defendant's decision to discharge Plaintiff was motivated by discrimination. The record on the issue of pretext could alone be enough to support such a finding, as a factfinder could determine that Defendant's

stated reasons for declining to investigate or discharge Preston was clearly false, and that discrimination was the most likely alternative explanation. However, the record also includes evidence that when Plaintiff was the sole female employee in the Portland branch office, she was singled out for negative reviews; that her supervisor made a gender-based comment at the time of her discharge; and that Defendant has given inconsistent explanations for her termination. Viewed in the light most favorable to Plaintiff, this record, as a whole, could also support a finding of discrimination.

This is admittedly a close case, but Plaintiff has demonstrated a genuine issue of material fact as to both the issue of pretext and discriminatory intent on the part of Defendant. In such cases, the ultimate question of liability is best left to the jury. The Court therefore DENIES Defendant summary judgment as to Count I. As the remaining counts in Plaintiff's Complaint hinge on the question of whether Defendant engaged in gender discrimination, the Court DENIES summary judgment as to Counts II, IV, V, VI, and VIII.

## IV.  CONCLUSION

For the reasons explained above, the Court hereby DENIES Defendant's Motion for Summary Judgment (Docket # 27).

SO ORDERED.

/s/ George Z. Singal
Chief U.S. District Judge

Dated this 6th day of February, 2006.