UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DEBORAH GALARNEAU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  Civil No. 05-62-P-S |
| | ) |
| MERRILL LYNCH PIERCE FENNER & SMITH, | ) |
| | ) |
| Defendant. | ) |

ORDER ON DEFENDANT'S MOTION IN
LIMINE REGARDING IRRELEVANT EVIDENCE

SINGAL, Chief District Judge

Before the Court is Defendant Merrill Lynch's Amended Motion in Limine to Exclude Evidence Related to Irrelevant Evidence and Evidence Outside the Relevant Time Period (Docket # 88). As briefly explained below, the Court GRANTS the Motion.

Defendant seeks to exclude evidence relating to: (a) Defendant's alleged reluctance to hire female financial advisors; (b) Defendant's attempts to deprive Plaintiff Deborah Galarneau of a semi-private office and assistant coverage; (c) manager David Snow's discriminatory comments and alleged role in creating negative or inaccurate memoranda concerning Plaintiff's job performance; and (d) Cremin v. Merrill Lynch, 957 F. Supp. 1460 (N.D. Ill. 1997); 328 F. Supp. 2d 865 (N.D. Ill. 2004).

At a conference of counsel held before the Court on June 5, 2006, Plaintiff's counsel agreed to the exclusion of parts (a), (b), and (d) of Defendant's Motion. The only remaining issue is therefore the evidence of David Snow's conduct, which the Court hereby excludes under Federal Rule of Evidence 403. Thus, Defendant's Motion is hereby GRANTED. If Plaintiff believes that

the record at trial warrants the Court revisiting this ruling, Plaintiff is free to raise the issue outside the hearing of the jury.

SO ORDERED.

                                                  /s/ George Z. Singal  
                                                  Chief U.S. District Judge

Dated this 6th day of June, 2006.